IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA GREENWOOD,** | : | **CIVIL ACTION** |
| A Minor, By Her Parent, | : | |
| **SUSAN GREENWOOD** | : | |
| | : | |
| v. | : | No. 04-3880 |
| | : | |
| **WISSAHICKON SCHOOL** | : | |
| **DISTRICT, ET AL.** | : | |

### MEMORANDUM AND ORDER

**Timothy J. Savage, J.**                                                                                           **February 3, 2006**

In its recent decision in *Schaffer v. Weast*, ____ U.S. ____, 126 S.Ct. 528 (2005), that resolved a conflict among the circuits, the Supreme Court held that the party seeking relief has the burden of proof in administrative proceedings in cases under the Individuals with Disabilities Education Act ("IDEA"). The decision significantly impacted proceedings challenging a disabled child's "individual education program" ("IEP")[1] in circuits where the burden had always been on the school district. The ruling effectively overturned the Third Circuit's holding in *Oberti v. Bd. of Educ. of Borough of Clementon Sch. Dist.,* 995 F.2d 1204, 1207 (3d Cir. 1993), which had placed the burden of proving compliance with the mainstreaming requirement[2] upon the school district regardless of who brought the action.

Because this case was pending when *Schaffer* was decided, the new rule of law

---

[1] An IEP is a written education plan for a disabled student that is developed and updated in accordance with the IDEA. Each IEP assesses, among other things, the child's level of academic ability, sets out academic and functional goals, and explains the special education and related services to be provided to the student. 20 U.S.C. § 1414(d)(1)(A).

[2] The IDEA's mainstreaming mandate requires that states establish procedures to assure that children with disabilities are educated with children without disabilities, to the maximum extent that can be satisfactorily achieved with the use of supplementary aids and services. 20 U.S.C. § 1412(5)(A).

1

applies. *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ([when the Supreme Court] "applies a rule of federal law to the parties before it, that rule is the controlling application of federal law and must be given full retroactive effect in all cases still open on direct review . . ."). In other words, the burden of proof in this challenge to a decision of the Pennsylvania Special Education Due Process Appeals Panel lies with the parent rather than the school district that had it at the state level. The question now is whether the matter should be remanded to the Pennsylvania Bureau of Special Education for a determination using the appropriate burden of proof.

I decline the school district's invitation to decide this case by applying the new burden of proof to the administrative record without considering the parent's proffered additional evidence. Nor shall I accede to the parent's suggestion that remand is inappropriate because *Schaffer* does not apply to mainstreaming cases,[3] and that the hearing officer and the appeals panel had seemingly found that the parent had proven her case by a preponderance of the evidence. Because I cannot determine whether the outcome would have been different at the administrative level if the burden of proof had been on the parent who initiated the action and because I must leave questions of educational policy to the state officials, I shall remand the case.

## **Background**

This case originated when Susan Greenwood ("parent") requested a due process hearing to challenge the Wissahickon School District's ("district") failure to educate her

---

[3] Despite limiting language in the *Schaffer* decision, the Third Circuit recently determined that it is unreasonable to restrict the Supreme Court's decision to a single aspect of a challenged IEP. *L.E. v. Ramsey Bd. of Educ.*, No. 05-1157, ___ F.3d ___, 2006 WL 156827, at *5 (3d Cir. Jan. 23, 2006).

daughter Angela ("student") in compliance with the IDEA.  After a five day hearing, the hearing officer ordered the IEP team to add appropriate supplemental aids and supports so that the student could participate full time in regular education in her neighborhood school, and also ordered the district to provide compensatory education for the 2002-2003 school year.  The hearing officer also determined that the student was not entitled to "facilitated communication."[4]

Both parties appealed the hearing officer's decision to the Special Education Due Process Appeals Review Panel ("Appeals Panel") which modified the hearing officer's decision by requiring the district to include the student in lunch, recess, physical education, homeroom, music, art and at least one academic class using appropriate supplementary aids and services.  The Appeals Panel reversed the hearing officer's compensatory education award.  Both the hearing officer and the Appeals Panel had placed the burden of proof on the district.

In her appeal to this Court, the parent challenges the Appeals Panel's failure to order that the student be educated in regular class for most of the school day and to mandate incorporation of facilitated communication or similar communication mechanisms into the student's IEP.  She also challenges the Panel's reversal of the award of compensatory education.

---

[4] "Facilitated Communication is a technique that allows non-verbal individuals to communicate by having them point to letters (if they can read) or pictures (if they cannot read), with the assistance of a 'facilitator.'  The pictures or letters can be on a computer, letter board or word processing program and the facilitator can be a properly trained teacher, parent, or caregiver. The role of the facilitator is to provide mental support, which includes encouragement but not direction." Special Child Information Avenue Archives: Facilitated Communication, http://www.specialchild.com/archives/ia-014.html (last visited January 31, 2006).

**Discussion**

When Congress passed the IDEA, it created a process whereby the parents or the school district could request an "impartial due process hearing" if either believed a child's individual education plan ("IEP")[5] was inappropriate. However, it did not provide which party had the burden of proof at the hearing. The Supreme Court, in *Schaffer*, settled the issue, holding that "the burden lies, as it typically does, on the party seeking relief." *Schaffer*, at 531.[6] Therefore, the burden of persuasion is on the party challenging the IEP.

The Supreme Court cautioned that it was not deciding whether the states, by regulation or statute, can put the burden on the school district. *Id*. at 537. Because Maryland, like Pennsylvania, had no such law or regulation, the Court deemed it unnecessary to reach that issue. *Id.* Hence, because there is no Pennsylvania law imposing the burden on the district, *Schaffer* applies and the burden of persuasion at the administrative level in Pennsylvania is now on the party contesting the IEP, in this case, the parent.

At the time of the administrative proceedings in this case, the burden of proof had been on the district. The question now is whether the case should be remanded for an administrative hearing applying the new standard of proof.

Neither party requests remand. Instead, each side wants to take advantage of

---

[5] IEP hearings are held pursuant to procedures established by the "State" or "local educational agency." 20 U.S.C. § 1415(f)(1)(A) (Supp. 2005). In Pennsylvania, the process is prescribed at 22 Pa. Code § 14.162.

[6] In *Schaffer*, the Maryland administrative judge decided in favor of the school district after placing the burden of persuasion on the parents. The district court reversed and remanded because it concluded the burden was on the school district. Ultimately, a divided panel of the Fourth Circuit fixed the burden on the party seeking relief. *Schaffer*, 126 S. Ct. at 533.

4

those portions of the record that each sees as favorable while urging me to disregard or to relitigate the unfavorable portions. Here, the parent argues that remand is unnecessary because she has already shown by a preponderance of the evidence that the district failed to offer inclusion to the maximum extent appropriate. This argument is not supported by the administrative record. The hearing officer's decision and the Appeals Panel's decision are replete with references to the burden having been on the district.[7]

The parent's approach would be unfair to the school district. She urges us to uphold the state's decision insofar as it ordered placement of the student in everyday activities but to revisit her request for additional services. She seeks to introduce evidence that had not been presented before either the hearing officer or the Appeals Panel. One cannot conclude what the state's decision would have been if the burden had not been on the school district. Stated differently, using the new burden of proof, the hearing officer and the Appeals Panel could have determined that the IEP was appropriate because the parent had failed to prove otherwise.

The district requests that I place the burden of proof on the parent during my assessment of the administrative record without admitting additional evidence. To decide the case without giving the parent an opportunity to present evidence would be unfair. Now, she may be entitled to present evidence that she otherwise did not feel was necessary because she did not have the burden. The parent must have the opportunity

---

[7] For example, "[I]t is concluded that the burden for proving a more restrictive environment . . . falls on the party which is proposing the more restrictive placement." *Hr'g Officer Decision* (Jan. 2, 2004), at 9 ("*Hr'g Officer Decision*"); "Nothing approaching an appropriate process for deciding to exclude this student was demonstrated here. . . . The district has the burden of showing that such a process occurred, and it did not. . . . The district has the burden to show that the student made meaningful educational progress on IEP goals." *Hr'g Officer Decision*, at 12.; "Thus, on balance and with the burden of persuasion on the District . . ." *Apps. Panel Decision* (Feb. 23, 2004), at 10.

to proffer additional evidence necessary to carry her newly created burden. If new evidence is introduced at this stage, I would have to assess evidence which the state officials did not have the opportunity to consider in light of their expertise in the educational area. In the process, I would be engrafting findings made under one standard onto findings made under a different one.

In reviewing a state agency's IDEA ruling, a district court must apply a modified *de novo* standard of review that is somewhat amorphous in its application. It must make its own factual findings but is still required to afford "due weight" to the hearing officer's determinations. *Shore Reg'l High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004). Moreover, administrative factual findings are considered prima facie correct. *S.H. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 271 (3d Cir. 2003). In essence, the district court cannot disregard what had occurred at the administrative level and must respect the findings of those with the educational expertise. This fluid standard complicates the review of a decision that was made using a different burden of proof than must now be used.

Remanding the case will undoubtedly delay final disposition. Nevertheless, to decide the issues here runs afoul of the deference that courts must afford state officials that are better able to apply educational policy. *Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). In this case, the state adjudicators were viewing and weighing the evidence through the prism of a different burden of proof. Evidence that was deemed unnecessary or was accorded more or less weight because the burden was on the other party may have been treated and evaluated differently.

Admissibility determinations also may have been made applying an inappropriate burden. With the burden on the district, the parent may not have felt compelled to present certain evidence that otherwise would have been necessary had she instead had the burden. Indeed, the parent now wants to introduce new evidence.  In short, the presentation and the consideration of evidence was or could have been affected by the burden of proof analysis.  Thus, to insure that the parties' contentions regarding the appropriateness of the IEP are given full consideration by the state officials in light of their educational expertise by applying the required standard of proof, I shall remand this matter to the Bureau of Special Education.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA GREENWOOD,** | : | **CIVIL ACTION** |
| A Minor, By Her Parent, | : | |
| **SUSAN GREENWOOD** | : | |
| | : | |
| v. | : | No. 04-3880 |
| | : | |
| **WISSAHICKON SCHOOL** | : | |
| **DISTRICT, ET AL.** | : | |

## ORDER

**AND NOW**, this 3rd day of February, 2006, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that this case is **REMANDED** to the Pennsylvania Bureau of Special Education for administrative proceedings consistent with *Schaffer v. Weast*, ___ U.S. ___, 126 S. Ct. 528 (2005).

                                                                    s/ Timothy J. Savage
                                                                  TIMOTHY J. SAVAGE,  J.