IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELA GREENWOOD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 04-3880 |
| | : | |
| **WISSAHICKON SCHOOL DISTRICT,** *et al.* | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                                 **May 14, 2009**

After losing her appeal from the decision of the Special Education Due Process Appeals Review Panel ("Appeals Panel"),[1] Angela Greenwood ("Greenwood")[2] seeks attorney fees and costs pursuant the Individuals with Disabilities Education Act ("IDEA")[3] for services rendered in connection with the administrative proceedings.[4] She contends that she was a "prevailing party" at the administrative level. Opposing Greenwood's petition, the District disputes that she was a prevailing party.

Greenwood's motion for attorney fees and costs will be denied. She was not a prevailing party; and, even if she were, her success was too trivial to warrant an award of

---

[1] Memorandum and Order, August 14, 2008 (Doc. No. 97).

[2] Greenwood filed suit through her mother, Susan Greenwood, who consented to the use of her daughter's full name. Compl. ¶ 2; Am. Compl. ¶ 2.

[3] Greenwood also cites Section 504 of the Rehabilitation Act and the Americans with Disabilities Act as bases for recovery of fees. However, no claims under these statutes were made at the administrative level. Thus, Greenwood is not a prevailing party entitled to attorneys' fees and costs under either statute, and she has no basis to claim attorneys' fees and costs under either Section 504 or under the Americans With Disabilities Act.

[4] The Wissahickon School District ("District") has paid Greenwood's attorney fees for services rendered from July 28, 2003, until May 20, 2004. Only fees and costs incurred during the May 9 - July 25, 2006, time period are at issue.

fees.

## Procedural History[5]

As a result of the 2003-2004 due process hearings, the Appeals Panel ordered the District to include Greenwood in at least one regular academic class with appropriate supplementary aids and services.  Greenwood appealed the Appeals Panel's decision, arguing for inclusion in all regular academic and non-academic classes.  In her appeal, she characterized the Panel's decision as "only a modest increase in [Greenwood's] inclusion in regular class."  Compl. ¶ 3; Am. Compl. ¶ 3.  The District did not appeal the Appeals Panel's decision.

Because at the original due process hearing the burden had been on the District to show that Greenwood should not be included in regular class, the case was remanded to the Pennsylvania Bureau of Special Education in light of *Schaffer v. Weast,* 546 U.S. 49, 51 (2005), which held that the burden of proof is on the party requesting the due process hearing.  *Greenwood v. Wissahickon Sch. Dist.*, Civ. A. No. 04-3880, 2006 WL 279085 (E.D. Pa. Feb. 3, 2006).  Upon remand, the Pennsylvania Office for Dispute Resolution assigned the case to the hearing officer who had presided over the 2003-2004 due process hearings.  Over Greenwood's objection, the hearing officer allowed the District to introduce a May 2006 individualized education plan ("IEP") and Notice of Recommended Educational Placement ("NOREP).  Hearing Officer's Decision of June 27, 2006 ("H.O. 2006 Decision")

---

[5] Only those facts pertinent to the resolution of the issue of attorney fees and costs are recited here. The factual and procedural history is more thoroughly set out in the published Memorandum Opinion.  *See Greenwood v. Wissahickon Sch. Dist.*, 571 F. Supp. 2d 654 (E.D. Pa. 2008).

at 2.[6]  After eight additional hearing sessions, the hearing officer issued a decision that was essentially the same as her 2004 decision.  She ordered the District to include Greenwood in regular education full-time, awarded her compensatory education, and denied her request for facilitated communication.  H.O. Decision at Order.

Both parties filed exceptions to the hearing officer's 2006 decision, reiterating the arguments they had raised in the previous administrative appeal.  On August 10, 2006, the Appeals Panel reversed the hearing officer's decision, except the ruling denying facilitated communication.  Notably, the Appeals Panel held that "our original [2004] order extends to its implementation in the latest IEP."  Appeals Panel's Decision of Aug. 10, 2006, ("A.P. 2006 Decision") at 16.  The Appeals Panel rejected the May 2006 IEP, which did not include at least one regular academic class, and held that "[t]he District shall modify the IEP and NOREP for 2006-07 so as to include at least one academic class in regular education," in order to comply with its 2004 decision.  *Id.* at Order.  Thus, the Appeals Panel issued essentially the same decision in 2006 as it had in 2004, declining to grant Greenwood any relief other than what she had received in 2004.[7]

In response, Greenwood filed an amended complaint in this action seeking reversal of the Appeals Panel's 2006 decision and an order that she be included full-time in a

---

[6] According to the H.O. Decision, Greenwood "moved that the district be precluded from introducing an IEP and NOREP from May 2006.  The Hearing Officer ruled for the district on this issue."  *Id*.  Ironically, Greenwood bases her claim to "prevailing party" status on the Appeal Panel's later rejection of this IEP, which she objected to the hearing officer considering.

[7] In 2006, as it had in 2004, the Appeals Panel affirmed the hearing officer's decision that Greenwood was not entitled to facilitated communication and reversed the hearing officer's decision in all other respects. It then affirmed its 2004 decision, holding that Greenwood must be included in at least one academic class.

3

regular classroom with facilitated communication.  *See* Am. Compl. at 36.  Again, the District did not appeal.  Instead, in its response to Greenwood's appeal, it asked that the Appeals Panel's decision be affirmed in its entirety.  On August 14, 2008, the Appeals Panel's decision was affirmed.  *See Greenwood v. Wissahickon School District*, 571 F. Supp. 2d 654 (E.D. Pa. 2008).  At the same time, Greenwood's request for attorney fees in connection with the federal action was denied because Greenwood was not a prevailing party.  *See id.* at 668 n.8.

Greenwood filed the pending motion on September 2, 2008, seeking attorney fees and costs as a prevailing party in the due process hearings. Greenwood argues that she "prevailed in her challenge to the school district's refusal to educate her in regular class to the maximum extent appropriate and to provide an appropriate education." Plf.'s Mem. at 8. According to the District, Greenwood did not prevail in the 2006 due process hearings because she "received no additional relief whatsoever and in fact, [her] claims for additional relief were ***completely denied*** by the Appeals Panel." Opp. at 4 (emphasis in original).

## Discussion

Under IDEA, the prevailing party may be awarded reasonable attorneys' fees and costs.  20 U.S.C. § 1415(i)(3)(B).  A "prevailing party" is one who "succeed[ed] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing the suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 558 (3d Cir. 2003).  Thus, to qualify as a prevailing party eligible for attorney fees, a plaintiff must secure some form of relief on the

4

merits. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Servs.*, 532 U.S. 598, 605 (2001).[8]

Under IDEA, success is measured not only at the judicial level but also at the administrative level. *See P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 856-57 (3d Cir. 2006) (awarding attorney fees pursuant to IDEA on the basis of consent orders entered at the administrative level); *Melissa G. v. Sch. Dist. of Philadelphia*, 2008 WL 160613, at *2 (E.D. Pa. Jan. 14, 2008) (Schiller, J.) (awarding attorney fees to party who prevailed at administrative level). Therefore, although she did not achieve a victory in the federal court, Greenwood may recover attorney fees for any success she had at the administrative level.

Resolution of the motion turns on whether Greenwood prevailed in the 2006 administrative proceedings. Greenwood argues that it "cannot be questioned" that she "obtained significant relief" in the due process hearings. Plfs.' Mem. at 9. According to her, "she prevailed in her challenge to the school district's refusal to educate her in regular class to the maximum extent appropriate and to provide an appropriate education." *Id*. at 8. Yet, she did not secure anything more than what had been awarded by the Appeals Panel in its 2004 decision, which she had appealed.

The 2006 due process proceedings resulted in a confirmation of the 2004 proceedings. The 2006 decision did not benefit Greenwood or result in any change in the legal relationship between the parties. Therefore, because she did not secure any judicial relief beyond that already awarded by the Appeals Panel in 2004, Greenwood cannot be

---

[8] "*Buckhannon* applies to attorneys' fee claims brought under the IDEA fee-shifting provision." *John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 556 (3d Cir. 2003).

considered a prevailing party in the 2006 due process hearings.

Moreover, it was Greenwood who appealed the 2004 decision. Yet, despite her appeal, Greenwood achieved nothing more than she had achieved in 2004. Thus, the result of the 2006 due process hearings was maintenance of the status quo, a result that Greenwood did not want and the District did.[9] *See, e.g., Rickard v. Mars Area Sch. Dist.*, No. 2:03-cv-972, 2007 WL 1314615, at *2 (W.D. Pa. May 4, 2007) (McVerry, J.) (holding that the plaintiffs were not prevailing parties because they secured no further relief as a result of their appeal).

It is irrelevant that Greenwood prevailed in large measure before the hearing officer in 2006. The Appeals Panel reversed the hearing officer's decision.[10] Preliminary or intermediate success that is subsequently reversed is not sufficient to confer the status of a prevailing party eligible to recover fees. *Sole v. Wyner*, 551 U.S. 74, 127 S. Ct. 2188, 2192 (2007); *Deptford Twp. School Dist. v. H.B.*, 279 F. App'x. 122, 125 (3d Cir. 2008).

Even if Greenwood were considered a prevailing party in the 2006 due process hearings because the Appeals Panel declared the 2006 IEP inappropriate for not including at least one regular academic class, her success was minimal. *See John T. v. Delaware County Intermediate Unit*, 318 F.3d 545, 558 (3d Cir. 2003) ("attorneys' fee awards ultimately are awarded at a court's *discretion*."). "Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*," the party is not entitled to

---

[9] Again, it is not necessary to determine whether Greenwood was a prevailing party in the 2003-2004 due process proceedings because the parties have settled that time period.

[10] Both the Appeals Panel and the hearing officer rejected facilitated communication. In that regard, the Appeals Panel affirmed the hearing officer.

attorney fees and costs.  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).  To the extent that Greenwood achieved any success during the 2006 proceedings, it was *de minimis* and does not warrant attorney fees or costs.  *See also Deptford Twp. Sch. Dist.,* 279 F. App'x at 125 ("Purely technical or *de minimis* success is insufficient." (citing *Texas State Teachers Ass'n,* 489 U.S. at  792)).

## Conclusion

Because Greenwood failed to achieve any success in the 2006 due process proceedings beyond what she had already achieved in 2004, she is not a prevailing party entitled to attorney fees or costs. Even if Greenwood could be considered a prevailing party, her degree of success in the 2006 proceedings was  trivial and does not warrant attorney fees or costs.  Therefore, Greenwood's motion for attorney fees and costs will be denied.